UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lesbia Maribel Perez Agustin,

                        Petitioner,

        -against-

William JOYCE, Acting New York Field Office
Director, Immigration and Customs Enforcement,
U.S. Department of Homeland Security; Kristi
NOEM, Secretary, U.S. Department of Homeland
Security; Pamela BONDI, U.S. Attorney General,

                        Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2025

25 Civ. 10122 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Lesbia Maribel Perez Agustin, a Guatemalan citizen seeking asylum in the United States, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of her detention by Immigration and Customs Enforcement ("ICE"). *See generally* Pet. (the "Petition"), ECF No. 1. Perez Agustin contends that her Fifth Amendment right to due process was violated when she was detained on December 5, 2025, after attending a regularly scheduled ICE check-in at 26 Federal Plaza. *See id.* ¶¶ 2–3. Perez Agustin seeks immediate release from custody. *Id.* ¶ 8. For the reasons stated below, the Petition is granted.[1]

**BACKGROUND**

In March 2024, Perez Agustin entered the United States in Arizona. Pet ¶ 1; Opp. Ltr. at 1, ECF No. 9. On March 8, 2024, she was served with a Notice to Appear ("NTA"), charging her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). NTA, ECF No. 9-1. The NTA directed her to appear before an immigration judge in New York in November 2024. *Id.* That same day, she was

---

[1] Having reviewed the Petition, the materials filed in support thereof, and the government's opposition and accompanying declaration and exhibits, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously, "as law and justice require").

released pursuant to 8 U.S.C. § 1226(a) on an Order of Release on Recognizance ("Order of Release").  Opp. Ltr. at 1; *see* Order of Release, ECF No. 9-2.

On Friday, December 5, 2025, at a regularly scheduled check-in at 26 Federal Plaza, ICE revoked the Order of Release and took Perez Agustin into custody.  Pet. ¶¶ 2–3; Opp. Ltr. at 2. ICE detained her "without reason, notice, or opportunity to challenge her detention."  Pet. ¶ 2. "When she asked the ICE agent why she was being detained, he said it was because of the 'new laws.'"  Pet. ¶ 2.  ICE then served Perez Agustin with a Form I-200 arrest warrant.  Warrant, ECF No. 9-4; Opp. Ltr. at 2.  That same day, Perez Agustin filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *See* Pet.  Perez Agustin "has a pending application for immigration relief," Opp. Ltr. at 2, specifically, an application for asylum and withholding of removal, Pet. ¶ 1.  She has "no criminal record" and "has not violated the terms of her release."  *Id.* ¶ 6.

On Monday, December 8, 2025, when this Petition was designated to the undersigned, the Court administratively stayed Perez Agustin's transfer or removal to any location outside of this District, the Eastern District of New York, or the District of New Jersey.  *See* ECF No. 6; *see also* ECF Entry "Case Designated ECF" (entered December 8, 2025).  However, on Sunday, December 7, the government moved Perez Agustin "to the Richwood Corrections Center in Louisiana, where she is currently being detained."  Opp. Ltr. at 2.  The next day, ICE filed a change of address form, transferring Perez Agustin's immigration case to the Oakdale Immigration Court in Louisiana.  *Id.*

The Court notes that although the Petition concerns urgent claims and requests immediate relief, it was not filed as an application for emergency relief pursuant to Rules 13.18 and 13.19 of the United States District Court for the Southern District of New York's ECF Rules and Instructions, and it was not labeled as an emergency petition.[2]  This case was, therefore, wheeled

---

[2] *See* ECF Rules and Instructions, available at https://www.nysd.uscourts.gov/rules/ecf-related-instructions.

out in the ordinary course, and was only designated to the undersigned on Monday, December 8, after the government had already transferred Perez Agustin to Louisiana.

**DISCUSSION**

"Noncitizens are . . . entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quotation omitted). "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.* In analyzing Perez Agustin's due process claim, the Court holds that (1) Perez Agustin is not subject to detention under 8 U.S.C. § 1225(b)(2)(A); and (2) because she is instead subject to detention under § 1226(a), her due process rights were violated when ICE detained her without an individualized determination of her dangerousness or flight risk.[3] The government concedes that if the Court follows its decisions in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025), and *Cuy Comes v. DeLeon*, No. 25 Civ. 9283, 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025), the Court should grant the writ of habeas corpus. *See* Opp. Ltr. at 2–3, 4–5.[4] The Court grants the writ.

I.      Basis of Detention

The government seeks to justify Perez Agustin's detention under 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention of certain noncitizens. *See* Opp. Ltr. at 1. Perez Agustin argues that this provision does not apply to her because she has been residing within the United States for over a year and a half. *See* Pet. ¶¶ 5, 34–36. "This Court need not spill much ink on the

---

[3] Because the Court agrees that Perez Agustin's release is required because her due process rights were violated, the Court does not consider Perez Agustin's other arguments. *See, e.g.*, Pet. ¶¶ 41–43 (arguing that the application of § 1225(b)(2) violates the Immigration and Nationality Act ("INA")).

[4] In opposition to the Petition, the government incorporates by reference the arguments made in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025). *See* Opp. Ltr. at 5 n.4. In this order, the Court refers to the opposition brief filed at ECF No. 18 in *Gonzalez* as Opp. Mem.

issue, as it agrees with the overwhelming weight of authority" and concludes that Perez Agustin is detained under 8 U.S.C. § 1226(a). *Cardenas v. Almodovar*, No. 25 Civ. 9169, 2025 WL 3215573, at *2 (S.D.N.Y. Nov. 18, 2025).

First, as in *Gonzalez*, it is undisputed that when Perez Agustin was released on her own recognizance, the government did so under § 1226(a). *See* Order of Release (stating the release is "[i]n accordance with section 236 of the Immigration and Nationality Act" ("INA"), codified at 8 U.S.C. § 1226); Opp. Ltr. at 1 ("On or about March 8, 2025, Petitioner was released on her own recognizance pursuant to 8 U.S.C. § 1226(a)."); *see also Gonzalez*, 2025 WL 2961626, at *4.[5] Likewise, the warrant for Perez Agustin's December 5 arrest authorized her arrest under § 1226. *See* Warrant (stating that service of the warrant is authorized pursuant to INA § 236). And, for the reasons explained in *Cuy Comes*, § 1226(a) governs detention pending removal proceedings made pursuant to an administrative warrant, and where the exception under § 1226(c) does not apply. *Cuy Comes*, 2025 WL 3206491, at *3. Thus, the government's "own exhibits unequivocally establish that [Perez Agustin] was detained pursuant to [its] discretionary authority under § 1226(a)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025).

Second, as dozens of courts have recognized, the "statutory text" of § 1225(b)(2)(A), the "statutory structure" of §§ 1225 and 1226, a "recent amendment" to § 1226, and the government's "longstanding practice," confirm that § 1226(a) applies to Perez Agustin, who has been residing in the United States for almost two years, Pet. ¶¶ 1, 9. *Cuy Comes*, 2025 WL 3206491, at *2–3 &

---

[5] A noncitizen detained under § 1225(b)(2)(A) may be released if he is paroled for "urgent humanitarian reasons or significant public benefit" pursuant to 8 U.S.C. § 1182(d)(5)(A), in which case the government reserves its rights to "continue to treat the noncitizen as if stopped at the border." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted). To the extent Perez Agustin's initial arrest in Arizona has any significance, by releasing Perez Agustin on her own recognizance, rather than pursuant to this limited exception to § 1225(b)(2)(A), the government's own conduct evinces that it has not treated Perez Agustin as a person subject to § 1225(b)(2)(A). *See id.* at 485; *J.G.O. v. Francis*, No. 25 Civ. 7233, 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025) ("Release on your own recognizance isn't parole 'into the United States.'" (citation omitted)).

n.4; *Rodriguez v. Bostock*, No. 25 Civ. 5240, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) would apply to the removal of noncitizens who are "already in the country pending the outcome of removal proceedings"); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, slip op. at 19 (7th Cir. Dec. 11, 2025) (finding persuasive that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").

## II.    Due Process Required for § 1226(a) Detention

"At the outset, the Court rejects [any] assertion that [Perez Agustin] is not entitled to due process under the Fifth Amendment and is instead limited only to the process provided by Congress." *Cuy Comes,* 2025 WL 3206491, at *4.  Perez Agustin is not, as the government purports, an "alien on the threshold of initial entry," Opp. Mem. at 11 (citation omitted), but rather a noncitizen who was released on her own recognizance and has been living in New York since March 2024 during the pendency of her immigration proceedings, Pet. ¶¶ 1, 9. *See Gonzalez*, 2025 WL 2961626, at *4.  As the Supreme Court has unambiguously held, "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citation omitted); *Velasco Lopez*, 978 F.3d at 850.

As in *Cuy Comes*, 2025 WL 3206491, at *5, and *Gonzalez*, 2025 WL 2961626, at *3, the government does not dispute that Perez Agustin was re-detained "with no process at all, much less prior notice," "no showing of changed circumstances," and no "opportunity to respond." *Lopez Benitez*, 795 F. Supp. 3d at 498 (citation omitted); *see* Pet. ¶¶ 2–3; *see generally* Opp. Ltr.  For the reasons explained in *Cuy Comes*, 2025 WL 3206491, at *4–5, *Gonzalez*, 2025 WL 2961626, at *3, and *Lopez Benitez*, 795 F. Supp. 3d at 492–96, among other cases, the Court concludes that such

process is required when detaining someone under § 1226(a), and, therefore, Perez Agustin's due process rights were violated when she was "re-detained by immigration authorities with no deliberative process prior to, or contemporaneous with the detention." *Lopez Benitez*, 795 F. Supp. 3d at 498 (quoting *Valdez v. Joyce*, No. 25 Civ. 4627, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025)).

To the extent the government argues that Perez Agustin's detention was made pursuant to its discretionary authority, there is no valid exercise of discretion where "there is nothing to suggest that [the government] exercised any discretion *at all* in detaining [Perez Agustin] . . . in contravention of the basic procedural requirements of § 1226(a)." *Cuy Comes*, 2025 WL 3206491, at *5 (quoting *Lopez Benitez*, 795 F. Supp. 3d at 494–495). Nor is there any dispute that "ICE is required to adhere to the basic principles of due process when exercising its discretion under § 1226(a)." *Id.* (citing *Velasco Lopez*, 978 F.3d at 850–51). Because Perez Agustin was "denied due process when ICE detained [her] . . . without first conducting an individualized assessment as to [her] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion," her release is required. *Lopez Benitez*, 795 F. Supp. 3d at 496.

III.     Exhaustion

Perez Agustin is excused from exhausting her administrative remedies, *see* Opp. Mem. at 13–16, because the "available remedies provide no genuine opportunity for adequate relief"[6] and because Perez Agustin has raised "a substantial constitutional question" regarding her detention procedures. *Beharry v. Ashcroft*, 329 F. 3d 51, 62 (2d Cir. 2003); *see Chipantiza-Sisalema v.*

---

[6] For example, the government mentions that a detained person could request a custody re-determination, which would involve a bond hearing conducted by an immigration judge in an unspecified venue at some unknown date after the person's unconstitutional detention. *See* Opp. Mem. 14.

*Francis*, No. 25 Civ. 5528, 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025); *Cuy Comes*, 2025 WL 3206491, at *6; *Gonzalez*, 2025 WL 2961626, at *5.

**CONCLUSION**

For the reasons stated above, the Petition, ECF No. 1, is GRANTED. Respondents are ORDERED to immediately transport Perez Agustin to the Southern District of New York and, immediately upon effectuating her transfer, release her from custody. *See Lopez Benitez*, 795 F. Supp. 3d at 499.

Respondents must brief their authority, if any consistent with this Order, to (1) re-detain Perez Agustin without a valid exercise of discretion; (2) deny bond to Perez Agustin in any subsequent proceeding on the ground that she must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) if Perez Agustin is granted bond; or (4) impose additional conditions of release or burdens on Perez Agustin's liberty, other than those required by Perez Agustin's Order of Release. If, instead, Respondents confirm that they will take none of those steps with respect to Perez Agustin without prior notice of at least one week provided to her and the Court, Respondents need not file such briefing. *See Quispe-Sulcaray v. Noem et al.*, No. 25 Civ. 9908, 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025).

By **December 14, 2025**, Respondents shall file a letter on the docket certifying compliance with this Order.

SO ORDERED.

Dated: December 12, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge